IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **OLATUNBOSUN GBOLADE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CASE NO.** CIV-14-997-M |
| ) | |
| **CSAA INSURANCE EXCHANGE,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

### I.  PRELIMINARY STATEMENT

1. This is a civil action alleging employment discrimination based upon race, color, and retaliation prohibited by the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981"); and discrimination based upon race and national origin discrimination, and retaliation for complaining of race and national origin discrimination, prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. ("Title VII").

### II.  PARTIES

2. Plaintiff, Olatunbosun Glolade, is a black African-American male whose national origin is Nigeria, and who is a legal resident of the United States and the state of Oklahoma. Plaintiff resides in Oklahoma City, Oklahoma, and was employed by and discharged by Defendant in Oklahoma City, Oklahoma, within the Western District of Oklahoma.

3.       Defendant, CSAA Insurance Exchange (formerly AAA Northern California, Nevada, & Utah Insurance Exchange), is a foreign not for profit corporation whose headquarters and principal place of business is in Walnut Creek, California, and which does business in Oklahoma City, within the Western District of Oklahoma.

### III.   JURISDICTION AND VENUE

4.       This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

5.       Venue is proper under 28 U.S.C. § 1391(b) and (c) and 42 U.S.C. § 2000e-5(f)(3).

### IV.   CONDITIONS PRECEDENT

6.       On or about September 20, 2013, Plaintiff timely filed a charge of employment discrimination (Charge No. 564-2013-01599) with the Equal Employment Opportunity Commission ("EEOC") alleging, inter alia, that Defendant discriminated against him based upon his race, national origin, and retaliation. Plaintiff has exhausted his administrative remedies as to his race and national origin discrimination claims, and his retaliation claim.

7.       The EEOC issued Plaintiff a notice of right to sue dated June 18, 2014, and he is filing this lawsuit within ninety (90) days of his receipt of said notice.

### V.   FACTUAL ALLEGATIONS

8.       Defendant is an employer engaged in interstate commerce or activities affecting interstate commerce, and has had fifteen (15) or more employees for each

working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

9. At all times material, Defendant was a covered employer as defined within Title VII of the Civil Rights Act of 1964, as amended. Defendant was therefore subject to the legal requirements, responsibilities, and obligations as a covered employer under said statute.

10. Defendant is in the business of providing home and auto insurance through partnership with AAA clubs throughout the United States, and is engaged in interstate commerce as defined within Title VII.

11. Defendant has had over 500 employees in each month of the current calendar year and preceding calendar years.

12. Plaintiff was employed under an at-will employment contract with Defendant from his date of hire until his discharge by Defendant, and therefore is protected under the provisions of 42 U.S.C. § 1981 which protects individuals from discrimination based upon race and/or color in the making and enforcement of contracts.

13. Plaintiff is a black African-American male whose national origin is Nigeria.

14. Plaintiff was hired by Defendant in approximately October 2010, as a claims adjuster to work at Defendant's facility located in Oklahoma City, Oklahoma.

15. At the time of his discharge, Plaintiff was qualified to perform his job duties with Defendant as a claims adjuster based upon his prior education, training, and

work experience, including over two-and-one half years performing such duties while employed with Defendant.

16. Plaintiff performed his job duties in a satisfactory manner as indicated by satisfactory performance evaluations and periodic increases in pay which he was given by Defendant, and the fact that he was promoted to the homeowners department in approximately April 2012.

17. After Plaintiff was assigned to the homeowners department, Brian McCoy (white), Supervisor, began making disparaging remarks to Plaintiff about his not being "American", and comparing his training to "Americans". McCoy told Plaintiff to speak more like an American, made disparaging comments about his accent, and gave him a lower performance evaluation. Jeremy Ross, a white co-worker, told Plaintiff he was lucky to even have a job because most Americans did not have jobs.

18. Plaintiff complained to McCoy and to David Clark (white), the manager of the homeowners department, about the racial comments on at least three occasions. No appropriate corrective action was taken and the racial comments continued. On or about February 18, 2013, after Plaintiff's second complaint, he was given a disciplinary write-up by McCoy.

19. Plaintiff subsequently complained to Cal Hankins (white), director of the Defendant's call center in Oklahoma City, about the racial comments. Plaintiff was transferred to a different supervisor, Dorman Morsman (white). After the transfer, a white co-worker, Lisa Jaynes, made disparaging comments, such as stating that black men and

women act crazy, especially the women.

20. Morsman treated Plaintiff in a hostile manner and refused to allow him to work overtime which was allowed to white employees. On or about June 10, 2013, Plaintiff complained to Morsman about treatment he was receiving from Jaynes and another white co-worker because of his race and national origin.

21. On or about June 14, 2013, Plaintiff was terminated by Clark, Morsman, and Gary Russell (white), senior supervisor, based upon accusations by Plaintiff's white co-workers.

22. Plaintiff denies that the reasons given for his discharge were the true reasons he was discharged, and he asserts that the real motivation for his discharge was his race, color, national origin, and because he complained of race, color, and national origin discrimination

23. Defendant submitted a written statement to the EEOC stating that Plaintiff's employment ended because of his history of inappropriate and insubordinate behavior and several acts of serious misconduct, including sleeping at his desk and working unauthorized overtime. On or about September 5, 2013, the Appeal Tribunal of the Oklahoma Employment Security Commission entered an Order of Decision finding that Plaintiff was not guilty of any misconduct. The reasons given by Defendant for adverse actions taken against Plaintiff are pretexts. Further, Plaintiff was given different disciplinary treatment than non-black, non-African American employees were given for similar alleged offenses.

24.     At the time of his discharge, Plaintiff was paid at the base rate of approximately $20.00 per hour, and he received fringe benefits beyond his base hourly rate. Furthermore, Plaintiff's job had required him to work overtime in the past, and he received overtime pay at the rate of approximately $30.00 per hour.

25.     As a result of Defendant's actions, Plaintiff has sustained a loss of employment, loss of wages, loss of benefits and other compensation, loss of seniority, loss of career path, loss of future wages and other compensation, and has suffered other compensatory damages, including, without limitation, humiliation, loss of dignity, and loss of enjoyment of life.

26.     All adverse actions taken by Defendant against Plaintiff were intentional, willful, malicious, and/or in reckless disregard for the legal rights of Plaintiff. Defendant has a written policy acknowledging that it is illegal to discriminate against an employee based upon race, color, or national origin, or retaliation for complaining of discrimination. Nonetheless, Defendant intentionally and maliciously took adverse action against Plaintiff because of his race, color, and national origin, and because of retaliation, including discharging Plaintiff.

## VI.   FIRST CAUSE OF ACTION: VIOLATION OF SECTION 1981

27.     Plaintiff incorporates hereunder by reference paragraphs 1-26, as set forth above.

28.     Plaintiff is protected from employment discrimination by Defendant based

upon his race, color, and retaliation under 42 U.S.C. § 1981.

29. Defendant's adverse actions, including without limitation, over-scrutinizing Plaintiff's job performance and behavior, subjecting Plaintiff to different terms and conditions of employment, unequal discipline, and discharge, because of his race, color, or retaliation, as set forth in ¶¶ 17-23 above, violate Section 1981. Plaintiff is entitled to all remedies to which a prevailing plaintiff is entitled for an employer's willful and malicious violation of Section 1981.

## VII. SECOND CAUSE OF ACTION: VIOLATION OF TITLE VII

30. Plaintiff incorporates hereunder by reference paragraphs 1-29, as set forth above.

31. Plaintiff is protected under Title VII from employment discrimination based upon his race, national origin, and/or retaliation..

32. Defendant discriminated against Plaintiff because of his race, national origin, and/or retaliation for his complaining of discrimination, by taking the adverse actions described above in ¶¶ 17-23, including, without limitation, terminating him from employment. As a result of Defendant's adverse actions, Plaintiff suffered the losses and damages described in ¶ 25, above.

33. Defendant's actions in violating Title VII were intentional, willful, malicious, or in reckless disregard for Plaintiff's rights thereunder, as described above in ¶ 26.

34.     Plaintiff is entitled to all remedies and relief provided for a violation of Title VII, including without limitation, an award of punitive damages.

## VIII.  JURY TRIAL REQUESTED

35.     Plaintiff is entitled to a jury trial as to his causes of action and claims asserted herein, and Plaintiff hereby requests a jury trial.

## IX.  PRAYER FOR RELIEF

36.     Plaintiff prays for judgment as follows:

   A.   Payment of back wages, benefits, and compensation;

   B.   All compensatory and consequential damages, including but not limited to, humiliation, loss of dignity, and loss of enjoyment of life;

   C.   Punitive or exemplary damages;

   D.   Declaratory and injunctive relief as appropriate;

   E.   Reinstatement to employment with Defendant in the job position Plaintiff would now hold, absent discriminatory treatment by Defendant, or future pay in lieu thereof;

   F.   Pre-judgment and post-judgment interest on all sums awarded to Plaintiff;

   G.   Attorney's fees, costs and such other and further relief as the Court deems reasonable and proper.

                        <u>s/Raymond C. Durbin</u>

                        OBA No. 2554
                        601 NW 13th Street
                        Oklahoma City, OK 73103-2213
                        Telephone:   (405) 521-0577
                        Fax:              (405) 525-0528
                        E-mail:         durbinlaw@flash.net

                        ATTORNEY FOR PLAINTIFF

**JURY TRIAL DEMANDED.**

**ATTORNEY LIEN CLAIMED.**